on the part of a defendant in order to escape liability would be to delay final judgment until the term of office of the plaintiff had expired. We think the authorities are ample to prevent that result in this case. The order appealed from should be affirmed, with costs. All concur, except PARKER, P. J., not voting.

---

## TROWBRIDGE v. TROY & N. E. RY. CO.

### In re GALUSHA.

(Supreme Court, Appellate Division, Third Department.    May 18, 1906.)

CORPORATIONS—APPOINTMENT OF RECEIVER—PROCEEDINGS.

    Code Civ. Proc. §§ 1784, 1793, provide that, where execution on a judgment against a domestic corporation has been returned unsatisfied, the judgment creditor may maintain an action for a sequestration of the property and a distribution among the creditors exhibiting claims. Section 452 provides that, where a person has an interest in the subject of the proceedings, he may, on application, be made a party. *Held* that, after judgment appointing a receiver in an action under sections 1784 and 1793, it was error to grant a motion of a person to be made a party defendant with leave to answer, where the applicant did not allege that she had any defense, and did not submit any proposed answer, nor present any affidavit of merits, but merely alleged that she was a creditor of defendant, owning a note made by it.

  Appeal from Special Term.

  Action by Lawrence W. Trowbridge against the Troy & New England Railway Company. From an order making Della Galusha a party to the action, and giving her leave to answer, plaintiff appeals. Reversed.

The action is a judgment creditors' action, brought under section 1784 of the Code of Civil Procedure for the sequestration and distribution of the property of the defendant among his creditors. The appellant is a judgment creditor of the defendant, and, after the return unsatisfied of the execution which it issued upon its judgment, this action was begun by it against the defendant, and a temporary receiver of the defendant appointed. On the defendant's default in answering, final judgment was entered, providing for the sequestration of the defendant's property and for the appointment of the temporary receiver as permanent receiver. The order appealed from granted the motion of Della Galusha after judgment to be made a party defendant in the action, under section 452 of the Code of Civil Procedure, with leave to answer, on her allegation that she was interested in the subject of the action, because she was the owner of a note made by the defendant, and other claims.

  Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

  Horace E. Deming, for appellant.
  Michael F. O'Connor, for respondent.

CHESTER, J.    The order appealed from should not have been granted. It was made after judgment was entered. No provision is made for opening the judgment. The respondent does not allege that she has any defense to the action, and does not submit any proposed answer, nor was any affidavit of merits presented. Outside of the al-

legation that she is a creditor of the defendant, and owns a note made by it on which there is owing $150 and interest from June 5, 1905, and also other claims, she furnishes no competent evidence that she is interested in the subject of the action. The subject of the action was the sequestrating of the property of the defendant, and the distribution thereof among those lawfully entitled thereto. Under the judgment the receiver was directed:

"To procure and publish an order requiring all the creditors of the said defendant to exhibit and prove their claims to said receiver, * * * and to become parties to the above-entitled action."

The judgment further directs, in harmony with section 1793 of the Code of Civil Procedure:

"That the said receiver make a fair and just distribution of the said property of the said defendant and of the proceeds thereof among its fair and honest creditors who have exhibited and proved their claims in the order and in the proposition prescribed by law as in the case of a voluntary dissolution of a corporation."

The judgment, therefore, provides a way for the respondent to become a party to the action, namely, upon proving her claims to the receiver, and made provision to protect her if she was a fair and honest creditor of the defendant. Until she shows some reason for opening the judgment, and that she has some defense to the action on the merits, she should be required, if she desires to make herself a party, to do so in the way provided for in the judgment, and not be permitted to come in as a party without proving her claim, nor to answer when she has not shown that she has any answer to make, and when she has not even asked for the opening of the judgment for that purpose.

The order should therefore be reversed, with $10 costs and printing disbursements, and the motion denied, without costs. All concur.